```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CHARLES S. ANDERSON, | CIVIL ACTION NO. 06-124 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| MARK COLMEN, et al., | |
| Defendants. | |

**THE COURT** ordering the plaintiff to show cause why the complaint should not be dismissed for (1) failure to comply with Federal Rule of Civil Procedure ("Rule") 4(m), and (2) lack of prosecution under Local Civil Rule 41.1(a) and Rule 41(b) (dkt. entry no. 4, Order to Show Cause); and the Court having granted the application of the plaintiff pro se to proceed in forma pauperis (dkt. entry no. 2, 2-2-06 Order); and the Court ordering the Clerk of the Court to issue a summons, and the United States Marshal to serve the summons and copies of the complaint on the defendants (id.); and the Clerk issuing the summons (unnumbered dkt. entry preceding dkt. entry no. 3); and the Marshal directing the plaintiff soon thereafter to "complete one USM Form 285 for each named defendant in [the] complaint" and "[r]eturn the completed USM Form 285(s)," and advising that "[f]ailure to complete and return the forms within 15 days will result in the original summons being returned to the Clerk of the Court unexecuted" (dkt. entry no. 3, 2-6-06 Marshal Letter to Pl.); and the Marshal returning the summons to the Clerk of the Court six

months later "unexecuted [because the plaintiff] never responded to [the Marshal's] office with completed USM Form 285's for service" (dkt. entry no. 3, 8-25-06 Letter); and the plaintiff failing to contact the Court thereafter; and

 **IT APPEARING** that the plaintiff has failed to complete the necessary forms to accomplish service within 120 days after filing the complaint; and the Court advising the plaintiff that the complaint would be dismissed unless the plaintiff either (1) showed good cause for this failure, or (2) established that service was effected within the 120-day period, see Fed.R.Civ.P. 4(m), <u>Sykes v. Blockbuster Video</u>, 205 Fed.Appx. 961, 963-64 (3d Cir. 2006); and the Court notifying the plaintiff of the intention to dismiss the complaint, <u>see</u> <u>Liu v. Oriental Buffet</u>, 134 Fed.Appx. 544, 546 (3d Cir. 2005), <u>see also</u> <u>Thompson v. Maldonado</u>, 309 F.3d 107, 109-10 (2d Cir. 2002) (vacating judgment dismissing complaint for failure to complete Form 285, as district court neither notified plaintiff that complaint would be dismissed nor gave opportunity to explain failure to comply with Rule 4(m)); and

 **IT APPEARING FURTHER** that the action has been pending for more than 120 days without the plaintiff having taken any proceedings; and the Court advising the plaintiff that the complaint would be dismissed unless good cause was shown for the lack of prosecution, <u>see</u> L.Civ.R. 41.1(a), <u>see also</u> Fed.R.Civ.P.

41(b) (stating complaint may be dismissed for failure to prosecute), Sebrell v. Phila. Police Dep't, 159 Fed.Appx. 371, 374 (3d Cir. 2005) (affirming judgment dismissing complaint under Rule 41(b), as, inter alia, district court notified plaintiff she was "risking dismissal" by not completing Form 285); and the Court being authorized to impose harsh penalties when enforcing the Local Civil Rules, see Kabacinski v. Bostrom Seating, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004), United States v. 11 Vehs., Their Equip. & Accessories, 200 F.3d 203, 214 (3d Cir. 2000); and

**THE PLAINTIFF** failing to respond to the Court's inquiry or to otherwise contact the Court; and the copy of the order to show cause served upon the plaintiff having been returned as undeliverable (dkt. entry no. 5); and thus the Court intending to (1) grant the order to show cause, and (2) dismiss the complaint for the plaintiff's failure to comply with Rule 4(m);[1] and for good cause appearing, the Court will issue an appropriate order and judgment.[2]

                                                s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

---

[1] It is unnecessary for the Court to balance the Poulis factors for a dismissal pursuant to Rule 41, see Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), as the plaintiff has failed to comply with Rule 4(m).

[2] The Court notes that whether the plaintiff "did or did not receive the District Court's . . . order which directed him to comply with Rule 4 is irrelevant; he was still expected to comply with the rules of procedure." Sykes, 205 Fed.Appx. at 963.